UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ERIC C. HUNT,

                                Plaintiff,                    NOT FOR PUBLICATION

                                   v.                                  **MEMORANDUM & ORDER**
                                                                         16-CV-0677 (MKB)

CON EDISON CO. N.Y.C., PATRICK LOSEE and
WILLIAM B. HORGAN,

                                Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Eric Hunt, proceeding *pro se*, commenced the above-captioned action on February 8, 2016, against Defendants Con Edison Co. N.Y.C. ("Con Edison"), Patrick Losee and William Horgan. Plaintiff asserts claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl. 1, 3, Docket Entry No. 1.[1]) Plaintiff seeks injunctive relief, damages, pre-judgment interest, costs and attorneys' fees. (*Id.* at 5.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

       The following facts are taken from the Complaint and are accepted as true. According to Plaintiff, he is black and is employed by Con Edison. From January 2005 to at least January

---

[1] Because the Complaint is not consecutively paginated, the Court's citations refer to the page numbers assigned by the Electronic Document Filing System.

2012,[2] Plaintiff was allegedly discriminated against by his supervisor, Losee, whom Plaintiff describes as white and Irish.[3] (Compl. 3, 5, 8.) Plaintiff alleges that Con Edison failed to promote him, that he was denied access to a company vehicle, that he was "forced to remain in a truck with a documented fuel tank issue," and that he was unfairly written up and suspended for poor performance. (*Id*. at 3, 5.) Plaintiff filed a complaint regarding derogatory racial comments made by Losee, but Con Edison failed to respond to his complaint. (*Id*. at 5, 8.)

To the best of Plaintiff's recollection, in February 8, 2012, he filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding Con Edison's alleged discriminatory conduct. (*Id.* at 6.) The EEOC issued a Notice of Right to Sue on May 12, 2015, which Plaintiff did not receive until December 9, 2015. (*Id.* at 6–11.)

## II. Discussion

### a. Standards of review

#### i. Dismissal for failure to state a claim

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] Plaintiff states the conduct occurred during these dates but also appears to state that the discriminatory treatment is ongoing and that he remains employed by Con Edison. (Compl. 3.)

[3] These allegations are set forth in response to a section of the form Complaint that prompts claimants to indicate the bases on which they were discriminated against by checking a series of boxes. (Compl. 3.) Plaintiff checked the boxes corresponding to discrimination on the basis of race and color. (*Id.*) Plaintiff also attached a copy of a determination letter from the Equal Employment Opportunity Commission (EEOC), dated April 2, 2015, (*id.* at 8), which the Court reviews as a document attached to the Complaint, s*ee L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (explaining that in considering the sufficiency of pleadings, a court's review is limited to the four corners of the complaint, but it may review, among other things, documents attached to the complaint).

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

    ii. **Employment discrimination**

Analyzing whether a plaintiff has sufficiently alleged an employment discrimination claim requires reference not only to the pleading standard discussed above, but also to the three-stage, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Littlejohn v. City of New York*, 795 F.3d 297, 307–08

3

(2d Cir. 2015) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)) (discussing burden-shifting); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–55 (1981)). Under that framework, a plaintiff must first establish a prima facie case of discrimination. *St. Mary's Honor Ctr.*, 509 U.S. at 506; *see also Dowrich-Weeks v. Cooper Square Realty, Inc.*, 535 F. App'x 9, 11 (2d Cir. 2013); *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). A plaintiff's burden at this stage is "minimal." *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 506). If a plaintiff meets her burden at this stage, a "temporary presumption" of discrimination arises, and the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 307, 311). If the defendant-employer articulates such a reason, the burden shifts back to the plaintiff-employee to show that the defendant-employer's reason was merely pretext. *Id.* at 83.

At the pleading stage, a plaintiff does not need to prove discrimination, or even allege facts establishing every element of the *McDonnell Douglas* prima facie case, but the facts alleged must give "plausible support to the reduced requirements" of the prima facie case. *Littlejohn*, 795 F.3d at 311; *see Dawson v. N.Y.C. Transit Auth.*, 624 F. App'x 763, 767 (2d Cir. 2015); *Vega*, 801 F.3d at 84; *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 71 (2d Cir. 2006) ("[T]he requirements for establishing a prima facie case under *McDonnell Douglas* [do not] apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." (second alteration in original) (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002))). Thus, a plaintiff need only plead facts sufficient to give "plausible support" to the plaintiff's "minimal" initial burden, which is governed by the statute under which she brings her

4

claims. *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 307, 312).

    a. **Title VII**

        i. **Claims against the individual Defendants**

Plaintiff asserts discrimination and retaliation claims pursuant to Title VII against Losee, whom Plaintiff identifies as his supervisor, and Horgan, whom Plaintiff does not identify or otherwise reference in the Complaint. Individuals cannot be held liable pursuant to Title VII. *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (noting that "Title VII does not impose liability on individuals" (citations omitted)); *Mandell v. County of Suffolk,* 316 F.3d 368, 377 (2d Cir. 2003); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). Therefore, the Court dismisses Plaintiff's claims against Losee and Horgan. Plaintiff can only bring an amended claim against Losee and Horgan if he asserts claims pursuant to a different statute. *See, e.g.*, *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011) ("[W]hile an individual defendant with supervisory control may not be held personally liable under Title VII . . . , an individual defendant may be held liable under the aiding and abetting provision of the [New York State Human Rights Law] if he actually participates in the conduct giving rise to a discrimination claim . . . ." (internal quotation marks and citation omitted)).

        ii. **Discrimination claim against Con Edison**

Plaintiff alleges that Defendants discriminated against him on the basis of his race and color in violation of Title VII. (Compl. 1, 3.) A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against [him] and (2) [his] race, color, religion, sex, or national origin was a motivating factor in the employment

5

decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 86–87. In other words, "absent direct evidence of discrimination," to survive a motion to dismiss a claim of employment discrimination in violation of Title VII, a plaintiff must plausibly allege facts that would support a finding that she suffered an adverse employment action and "has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311; *Dechberry v. N.Y.C. Fire Dep't*, No. 14-CV-2130, 2015 WL 4878460, at *14 (E.D.N.Y. Aug. 14, 2015).

### 1. Protected group

The Complaint states that Plaintiff is black and therefore sufficiently alleges that he is the member of a protected group for purposes of his claim of discrimination on the basis of race or color. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employment discrimination on the basis of race and color).

### 2. Adverse employment action

Plaintiff alleges that he was unfairly cited for poor performance and suspension, as well as subject to a variety of other conduct that Plaintiff believes was unfair or punitive, including being denied access to a company vehicle and being required to use a defective truck. (Compl. 5.)

An "adverse employment action" means "a materially adverse change in the terms and conditions of employment" and includes, among other things, termination, demotion or a failure to promote. *See Robinson v. Dibble*, 613 F. App'x 9, 12 (2d Cir. 2015) (noting that plaintiff's termination constituted "adverse employment action"); *Levitant v. City of N.Y. Human Res. Admin.*, 558 F. App'x 26, 29 (2d Cir. 2014) ("It is well-established that a failure to promote is an

adverse employment action." (citing *Tregelia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002))); *Sanders v. N.Y.C. Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (An adverse employment action includes "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." (internal quotation marks and citations omitted)).

Placing an employee on unpaid leave can constitute an adverse employment action. *See St. Juste v. Metro Plus Health Plan*, 8 F. Supp. 3d 287, 318 (E.D.N.Y. 2014) (noting that "courts find that being required to take unpaid leave can be an adverse employment action"); *Weber v. City of New York*, 973 F. Supp. 2d 227, 251 (E.D.N.Y. 2013) (finding, in the context of a discrimination claim, that unsatisfactory performance evaluations culminating in suspension without pay were a "materially adverse change in the terms and conditions of employment . . . [that was] more disruptive than a mere inconvenience or an alteration of job responsibilities" (alterations in original) (quoting *Bowles v. N.Y.C. Transit Auth.*, 285 F. App'x 812, 814 (2d Cir. 2008) and collecting cases)); *Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 583 (S.D.N.Y. 2008) ("Being placed on unpaid leave and termination of employment constitute adverse employment actions." (citing *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999))). "[D]isciplinary memoranda and evaluations are adverse employment actions only if they affect ultimate employment decisions such as promotion, wages, or termination." *Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp. 2d 546, 557 (W.D.N.Y. 2013) (quoting *Regis v. Metro. Jewish Geriatric Ctr.*, No. 97-CV-0906, 2000 WL 264336, at *8 (E.D.N.Y. Jan. 11, 2000)); *see also Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 86 (2d Cir. 2001) (finding "notice of discipline" and "counseling memo" insufficient to constitute

adverse action when the plaintiff did "not describe its effect or ramifications, how or why the effect would be serious, [or] whether it went to any file"), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 407 (S.D.N.Y. Mar. 10, 2014) ("[T]he threat of disciplinary action, without more, does not constitute an adverse employment action." (first citing *Honey v. Cty. of Rockland*, 200 F. Supp. 2d 311, 320 (S.D.N.Y. 2002); and then citing *Bowles v. N.Y.C. Transit Auth.*, No. 00-CV-4213, 2006 WL 1418602, at *10 (S.D.N.Y. May 23, 2006), *aff'd*, 285 F. App'x 812 (2d Cir. 2008))).

Here, Plaintiff does not specify whether his suspension was with or without pay or led to other adverse consequences. In addition, Plaintiff's allegations regarding his performance review, as well as those regarding access to a company vehicle and a functioning truck, do not state whether Con Edison diminished Plaintiff's benefits or his responsibilities or treated Plaintiff differently from other similarly situated employees. Similarly, Plaintiff's claim for failure to promote does not provide any factual allegations to demonstrate an adverse action. Therefore, Plaintiff has not sufficiently alleged that Con Edison subjected him to any adverse actions.

### 3. Inference of discrimination

Even if Plaintiff had alleged an adverse action, Plaintiff's claim would nevertheless fail because Plaintiff has not alleged facts to support his claim that any alleged adverse actions were discriminatory. Plaintiff alleges that Losee made racially discriminatory remarks, which Plaintiff apparently reported to someone at Con Edison. (Compl. 8.) However, Plaintiff does not allege what these racially discriminatory remarks were and whether they occurred before or after the alleged adverse employment actions.

In the absence of direct evidence of a decisionmaker's discriminatory intent, courts focus

on whether a plaintiff's allegations support a "plausible inference of discrimination." *See Vega*, 801 F.3d at 87. Whether facts give rise to a plausible inference of discrimination "is a 'flexible [standard] that can be satisfied differently in differing factual scenarios.'" *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 204 (S.D.N.Y. 2011) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996)); *see also Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-CV-3625, 2013 WL 3968748, at *6 (E.D.N.Y. July 30, 2013) (setting forth same standard and discussing circumstances from which an inference of discrimination can be drawn).

"An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)). Remarks made by coworkers may also be probative of discriminatory intent, depending on the particular circumstances under which the comments were made. *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) (outlining four factors district courts in this circuit routinely consider in evaluating the probative value of such remarks, including (1) the identity and position of the individual making the remark, (2) the timing of the remark in relation to the employment decision, (3) the content of the remark, and (4) the context in which it was made); *Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 438 (S.D.N.Y. 2015) ("Remarks may raise an inference of discrimination if there is a nexus between the remarks and an adverse employment decision." (citing *Zhang v. Barr Labs., Inc.*, No. 98-CV-5717, 2000 WL 565185, at *4 (S.D.N.Y. May 8, 2000))).

Plaintiff fails to allege facts sufficient to support a plausible inference of discrimination on the basis of race or color. *See Vega*, 801 F.3d at 87. While Plaintiff has included the EEOC's Determination Letter, which references that Plaintiff reported racially derogatory comments by Losee in his EEOC charge, Plaintiff has not attached the charge itself, recounted those allegations in his Complaint, or explained how Losee's derogatory comments related to his treatment as a Con Edison employee. In the absence of more factual allegations — including the timing, content, and context of Losee's remarks — Plaintiff has not provided enough facts for the Court to infer discrimination on the basis of race or color. *See Khaleel v. Swissport USA, Inc.*, No. 15-CV-4880, 2015 WL 5307733, at *2 (E.D.N.Y. Sept. 10, 2015) (dismissing discrimination claim pursuant to Title VII because "[e]ven under the most liberal interpretation of [the plaintiff's] complaint, he provides no facts that could possibly connect or link any adverse employment action to a protected status"); *Haynes v. Capital One Bank*, No. 14-CV-6551, 2015 WL 2213726, at *2 (E.D.N.Y. May 8, 2015) (dismissing plaintiff's discrimination claim pursuant to Title VII because, aside from alleging a single "ambiguous remark made by [the plaintiff's] branch manager, in which [the manager] stated that 'this is why I don't hire her kind,'" the plaintiff failed to allege "facts that suggest her termination or any other adverse employment actions were connected to her race"); *Frederick v. United Bhd. of Carpenters & Joiners of Am. (UBCJA) Local 926*, No. 12-CV-2387, 2014 WL 5783045, at *3 (E.D.N.Y. Nov. 6, 2014) (dismissing Title VII discrimination claim because plaintiff alleged no facts suggesting she was denied promotion for reasons relating to her race).

Plaintiff's race and color discrimination claim against Con Edison under Title VII is therefore dismissed without prejudice. Should Plaintiff wish to pursue this claim, he is directed to file an amended complaint that sets forth facts sufficient to demonstrate an adverse

10

employment action by Con Edison and to support a plausible inference that his race or color was a motivating factor in that adverse action.

### iii. Retaliation claim against Con Edison

Plaintiff also asserts a Title VII retaliation claim against Con Edison. Plaintiff alleges that he complained of derogatory racial comments by Losee.[4] (*Id*. at 5, 8.) Plaintiff also alleges that there was no response to these complaints. (*Id.*) Plaintiff further alleges that Losee was responsible for punitive conduct against Plaintiff, including unfairly writing up Plaintiff for poor performance and later suspending Plaintiff. (*Id*.)

Title VII bars retaliation by an employer against an employee because the employee "has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-(3)(a). Retaliation claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *See Littlejohn*, 795 F.3d at 315. To establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Id*. at 316 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)).

As with other claims analyzed under the *McDonnell Douglas* framework, at the pleadings stage the allegations need only give "plausible support to the reduced prima facie requirements . . . ." *Id.* "Thus, for a retaliation claim to survive a motion for judgment on the pleadings or a motion to dismiss, the plaintiff must plausibly allege that: (1) [the] defendants discriminated — or took an adverse employment action — against him, (2) 'because' he has

---

[4] Plaintiff does not specify whether these complaints were made in an earlier EEOC charge or to someone at Con Edison.

11

opposed any unlawful employment practice." *Vega*, 801 F.3d at 90. To sufficiently allege that a defendant-employer took an adverse employment action "because" a plaintiff opposed an unlawful employment practice, a plaintiff "must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Id.* In the retaliation context, but-for causation does not require that retaliation "was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Id.* at 91 (quoting *Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 846 (2d Cir. 2013)).

### 1. Protected activity

Filing either a formal or informal complaint challenging discrimination is considered a protected activity for purposes of retaliation claims under Title VII. *See Jagmohan v. Long Island R. Co.*, 622 F. App'x 61, 63 (2d Cir. 2015); *Summa v. Hofstra Univ.*, 708 F.3d 115, 126 (2d Cir. 2013). "A complaint of discrimination constitutes 'protected activity' only if (1) the plaintiff holds a good-faith belief that he suffered discrimination because of a protected characteristic and (2) that belief is reasonable. *Jagmohan*, 622 F. App'x at 64–65 (citing *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)); *Summa*, 708 F.3d at 126 (holding that Title VII "protects employees [who] . . . make[] informal protests of discrimination, including making complaints to management, so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law" (alterations in original) (quoting *Gregory v. Daly*, 243 F.3d 687, 700 (2d Cir. 2001))).

Plaintiff alleges that he filed a complaint, although he does not specify to whom or when, regarding racially derogatory comments by his supervisor, Losee. (Compl. 8.) Liberally construing Plaintiff's complaint, Plaintiff has sufficiently alleged that he complained of conduct that he reasonably believed violated the law and, therefore, that he engaged in protected activity.

## 2. Adverse employment action

In the retaliation context, an adverse employment action is one that a reasonable employee would find materially adverse, meaning it "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Vega*, 801 F.3d at 90 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)); *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010) (same).[5] In evaluating whether an action is materially adverse, "'[c]ontext matters,' as some actions may take on more or less significance depending on the context." *Tepperwien v. Entergy Nuclear Ops., Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (citation omitted); *see also Hicks*, 593 F.3d at 165 (noting that even minor acts that would be immaterial in some situations may be material in others).

Plaintiff sufficiently alleges that he suffered an adverse employment action based on his suspension and his performance evaluation. Plaintiff was suspended, which can be an adverse action for purposes of retaliation claims pursuant to Title VII. *See Faul v. Potter*, 355 F. App'x 527, 529 (2d Cir. 2009) (holding that a district court erred in concluding that a suspension could not constitute an adverse action as a matter of law and remanding the issue for trial); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) (stating that "[e]ven if the jury agrees . . . that the plaintiff was later reimbursed, suspension without pay is sufficient to constitute an adverse employment action" in the retaliation context); *Cortes v. City of New York*, 700 F. Supp. 2d 474, 483 (S.D.N.Y. 2010) (finding a Title VII retaliation claim based on a suspension to be sufficiently pled). Plaintiff also alleges that he was unfairly reviewed for poor performance and subject to other actions by Losee against him, including

---

[5] The scope of actions that may be materially adverse is broader for purposes of retaliation claims than for discrimination claims. *See Hicks*, 593 F.3d at 165 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006)).

being prevented from using a company vehicle or a functioning truck. Because "a poor performance evaluation could very well deter a reasonable worker from complaining," *Vega*, 801 F.3d at 92, Plaintiff has also adequately alleged an adverse action based on his poor performance review. However, as indicated above, without additional factual allegations, the Court cannot infer that being prevented from using a company vehicle or with a fully functioning truck is an adverse employment action.

### 3. Causal connection

A causal connection between Plaintiff's protected activity and the adverse employment action may be shown either "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Littlejohn*, 795 F.3d at 319 (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000)); *see also Vega*, 801 F.3d at 90 ("A retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action." (first citing *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001); and then citing *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010)); *Chung v. City Univ. of N.Y.*, 605 F. App'x 20, 23 (2d Cir. 2015) ("Ordinarily, causation may be inferred from close temporal proximity."). There is no bright-line rule concerning the temporal proximity required to support a causal inference. *See Gorzynski*, 596 F.3d at 110–11 ("Though [the Second Circuit] has not drawn a bright line defining, for the purposes of a *prima facie* case, the outer limits beyond which a temporal relationship is too attenuated to establish causation, [it has] previously held that five months is not too long to find the causal relationship."); *Smith v. Town of Hempstead Dept. of Sanitation Sanitary Dist. No. 2*,

798 F. Supp. 2d 443, 457 (E.D.N.Y. 2011) ("With regard to the establishment of a *prima facie* case through temporal proximity, the Second Circuit has not drawn a bright line as to how closely an adverse employment action must follow protected activity to imply that retaliation has taken place." (citing *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009))).

Plaintiff alleges that he complained about Losee's racially derogatory statements and was subject to unfair treatment, including poor reviews and suspension. Plaintiff's allegations fail to allege a causal connection between his complaint and any adverse actions he suffered. The Complaint fails to identify any facts regarding when the alleged events and adverse actions occurred. Because he has not alleged a causal connection, his claims fail.

Plaintiff's retaliation claim against Con Edison is therefore dismissed without prejudice. Should Plaintiff wish to pursue his retaliation claim against Con Edison under Title VII, he should file an amended complaint that alleges facts as to the substance of the complaint or grievance he filed, with whom Plaintiff filed the complaint, and the dates and details of all relevant events as well as any facts that plausibly support the inference that Plaintiff was subjected to adverse employment actions in retaliation for having engaged in protected activity.

### III. Conclusion

For the reasons discussed above, the Complaint is dismissed. Plaintiff's Title VII claims against Losee and Horgan are dismissed with prejudice, as Plaintiff cannot sue individuals under Title VII. Plaintiff is granted leave to file an amended complaint against Defendant Con Edison pursuant to Title VII and against Losee and Horgan if Plaintiff believes he has a claim against these individual Defendants. Any amended complaint must be filed within thirty (30) days of the date of this Memorandum and Order. Plaintiff is advised that if he files an amended complaint, it will completely replace the original Complaint. The amended complaint must be captioned

15

"Amended Complaint" and bear the same docket number as this Memorandum and Order.  If Plaintiff fails to amend his Complaint within thirty days as directed by this Memorandum and Order, the Court shall dismiss this Complaint for failure to state a claim on which relief may be granted.  If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 20, 2016
       Brooklyn, New York