UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
ERIC C. HUNT,

                Plaintiff,

                              **MEMORANDUM & ORDER**
      v.                                16-CV-0677 (MKB)

CON EDISON CO. N.Y.C.,

                Defendant.

---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Eric Hunt, proceeding *pro se*, commenced the above-captioned action on February 8, 2016, against Defendant Con Edison Co. N.Y.C. ("Con Edison").[1] On August 22, 2016, Plaintiff filed an Amended Complaint asserting claims of discrimination, failure to promote, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), seeking injunctive relief and damages. (Am. Compl. 1, 3, 9, Docket Entry No. 8-1.)[2] Defendant moved to dismiss the Amended Complaint for, among other reasons, failure to state a claim and Plaintiff's inaccurate statement of poverty, pursuant to Title 28 U.S.C. § 1915. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 19; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 19-3.)

---

[1] The Court dismissed the Complaint on May 20, 2016, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Plaintiff leave to file an amended complaint. *See Hunt v. Con Edison Co. N.Y.C.*, No. 16-CV-0677, 2016 WL 8711358, at *1 (E.D.N.Y. May 20, 2016).

[2] Because the Amended Complaint is not consecutively paginated, the Court's citations refer to the page numbers assigned by the Electronic Document Filing System (ECF). The Court cites to the Amended Complaint, as updated on November 15, 2017. (*See* Court's Notice dated November 15, 2017, Docket Entry No. 21.)

By Memorandum and Order dated December 29, 2017, the Court denied Defendant's motion to dismiss Plaintiff's failure to promote claim, but dismissed all other claims, ("December 2017 Decision"). *Hunt v. Con Edison Co. N.Y.C.*, No. 16-CV-0677, 2017 WL 6759409, at *6 (E.D.N.Y. Dec. 29, 2017). On January 11, 2018, Defendant moved for reconsideration of the denial to dismiss Plaintiff's failure to promote claim. (Def. Mot. for Recons. ("Def. Recons. Mot."), Docket Entry No. 27; Def. Mem. in Supp. of Def. Recons. Mot. ("Def. Recons. Mem."), Docket Entry No. 27-1.) For the reasons discussed below, the Court grants Defendant's motion for reconsideration and, on reconsideration, grants Defendant's motion to dismiss Plaintiff's failure to promote claim.

**I. Background**

The Court assumes familiarity with the facts as detailed in the December 2017 Decision, *see Hunt*, 2017 WL 6759409, and provides only a summary of the pertinent facts and procedural background.

Plaintiff has been employed by Con Edison since 1994. (Am. Compl. 6.) Plaintiff started his career at Con Edison as a "helper" and worked his way up to become a lead mechanic. (*Id.*) Plaintiff identifies as black and alleges that Con Edison has engaged in systemic discriminatory practices against him and other employees who are "persons of color" and of "minority descent." (*Id.* at 8.) Plaintiff specifically alleged claims for failure to promote him to a management position, unequal terms and conditions of employment, and retaliation. (*Id.* at 4.)

In 2005, Plaintiff submitted a complaint to Equal Employment Opportunity Affairs ("EEOA"), Con Edison's internal equal employment review board, alleging eleven instances of mistreatment due to "racial bias." (*Id.* at 7.) EEOA did not address the allegations. (*Id.*)

On February 8, 2012, Plaintiff submitted a complaint to the Equal Employment Opportunity Commission ("EEOC"). *Hunt v. Con Edison Co. N.Y.C.*, No. 16-CV-0677, 2016

2

WL 8711358, at *1 (E.D.N.Y. May 20, 2016). The EEOC issued a right to sue letter on May 12, 2015, which Plaintiff did not receive until December 9, 2015. *Id.*

In February of 2016, Plaintiff filed this action. Plaintiff filed a hard copy of the Amended Complaint on August 22, 2016 and the Court mistakenly uploaded an incomplete copy of Plaintiff's Amended Complaint to ECF. (Am. Compl. as uploaded on Aug. 22, 2016, Docket Entry No. 8.)

In March of 2017, Defendant moved to dismiss the Amended Complaint. (Def. Mot.) On November 15, 2017, the Court updated the electronic copy of the Amended Complaint to include pages that were inadvertently omitted by the Court and gave Defendant additional time to address the issues contained in those pages. (*See* Court's Notice dated November 15, 2017, Docket Entry No. 21.)

On December 1, 2017, Defendant submitted a supplemental brief in support of the motion to dismiss the Amended Complaint. (Def. Suppl. Br. to the Mot. to Dismiss ("Def. Suppl. Br."), Docket Entry No. 22.) In the supplemental brief, Defendant for the first time raised, as an affirmative defense, Plaintiff's failure to administratively exhaust his failure to promote claim, and moved to dismiss the failure to promote claim on this ground. (*Id.* at 1.)

On December 29, 2017, the Court denied Defendant's motion to dismiss Plaintiff's failure to promote claim and granted the motion to dismiss all other claims asserted in the Amended Complaint. *Hunt*, 2017 WL 6759409. The Court found that Defendant waived the affirmative defense of failure to exhaust administrative remedies because Defendant failed to raise this defense in its initial motion to dismiss. *Id.* at *5.

Defendant now moves for reconsideration of the December 2017 Decision, arguing: (1) Defendant did not have notice of Plaintiff's failure to promote claim prior to filing its

3

supplemental brief, and (2) under Rule 8(c) of the Federal Rules of Civil Procedure, an affirmative defense is not waived if not raised in a pre-answer motion. (*See* Def. Recons. Mem.)

## II. Discussion

### a. Standard of review

The standard for granting a motion for reconsideration is strict and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochem., Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Oparah v. N.Y.C. Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) ("The standard for granting a motion to reconsider 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.").

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75–76 (2d Cir. 2016) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016). In order to prevail on a motion for

reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("A motion for reconsideration is an extraordinary remedy, and this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources." (alteration in original)).

### b. Reconsideration

Defendant argues that the Court should reconsider the December 2017 Decision as to Plaintiff's failure to promote claim for two reasons. (*See generally* Def. Recons. Mem.) First, Defendant argues that the failure to promote claim was not included in the Amended Complaint as initially filed on ECF, and that it was only included in the revised version uploaded in November of 2017, and therefore Defendant could not have raised the defense of failure to exhaust administrative remedies in its initial motion to dismiss. (*Id.* at 3–4.) Second, Defendant argues that although the defense of failure to exhaust administrative remedies may be raised by a Rule 12(b)(6) motion, failure to do so does not waive this defense as it nevertheless can be raised in a subsequent answer. (*Id.* at 6.) Plaintiff did not respond to Defendant's motion to dismiss or the supplemental brief, and has not responded to Defendant's motion for reconsideration.

Although the Court finds that Defendant had notice of Plaintiff's failure to promote claim prior to filing its motion to dismiss, the Court nevertheless reconsiders the December 2017 Decision because Defendant did not waive the failure to exhaust defense by not raising it in the initial motion to dismiss the Amended Complaint.

### i. Defendant had notice of Plaintiff's failure to promote claim prior to filing its motion to dismiss

Defendant contends that it did not raise the affirmative defense of failure to exhaust administrative remedies in its initial moving papers because it lacked notice of Plaintiff's failure to promote claim. (Def. Recons. Mem. 4.) Because Plaintiff is *pro se*, he was not able to electronically file any document to ECF, including his Amended Complaint. When uploading the Amended Complaint to ECF, the Court mistakenly failed to upload three pages of the Amended Complaint — pages eight, ten and eleven. (Am. Compl. as uploaded on Aug. 22, 2016, Docket Entry No. 8.) On November 15, 2017 the Court subsequently uploaded the complete copy of the Amended Complaint. (Am. Compl., Docket Entry No. 8-1.)

Defendant argues that "the previously missing page eight is the only place in the Amended Complaint where Plaintiff expresses any interest in a management position," and therefore, Defendant could not have raised the defense until after it could access the complete copy of the Amended Complaint. (Def. Recons. Mem. 4.) The Court disagrees. Page nine of the Amended Complaint contains detailed allegations of Defendant's discriminatory promotion practice. (Am. Compl. 9.) Moreover, Defendant moved to dismiss Plaintiff's failure to promote claim in its initial brief, (Def. Mem. 8); *Hunt*, 2017 WL 6759409 at *5, which indicates notice. Based on the allegations included on page nine of the Amended Complaint, the Court finds that Defendant had notice of the claim prior to its initial motion to dismiss. The Court therefore denies the motion for reconsideration on this ground.

Nevertheless, as explained below, because Defendant's failure to raise the failure to exhaust defense in its initial motion did not waive that defense, the Court grants the motion for reconsideration and, on reconsideration, determines whether Plaintiff's claim should be dismissed for failure to exhaust.

### ii. Failure to exhaust administrative remedies is an affirmative defense and is waived if not raised in the answer to a complaint

"The failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018); *see also Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 385 (2d Cir. 2015) ("[T]he failure of a Title VII plaintiff to exhaust administrative remedies raises no jurisdictional bar to the claim proceeding in federal court.") In *Hardaway*, the Second Circuit held that the defense of failure to exhaust administrative remedies is an affirmative defense similar to a statute of limitations defense. *Hardaway*, 879 F.3d at 490–91 ("By invoking a generalized statute of limitations, the Supreme Court also indicated that exhaustion should be treated as an affirmative defense, since statutes of limitation typically function as affirmative defenses in federal litigation." (first citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); and then citing Fed. R. Civ. P. 8 (c)(1))).

As an affirmative defense, failure to exhaust administrative remedies is similar to a statute of limitation defense and pursuant to Rule 8(c) of the Federal Rule of Civil Procedure, it is subject to waiver if it is not raised in an answer to a complaint.³ *Townsend v. Home for the Homeless, Inc.*, 28 F. App'x 85, 86 (2d Cir. 2002) ("[T]he 90–day time limit is an affirmative defense that is waived if not pled"); Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . statute of

---

³ Rule 8(c) of the Federal Rules of Civil Procedure provides that: "In *responding to a pleading*, a party must affirmatively state any avoidance or affirmative defense, including: . . . statute of limitations."). Fed. R. Civ. P. 8(c) (*emphasis added*). Although a motion to dismiss is filed in response to a complaint, the Second Circuit has interpreted "responding to a pleading" to mean the filing of an answer to the complaint. *See e.g. U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1253 (2d Cir. 1989) ("Fed. R. Civ. P. 8(c) provides that affirmative defenses shall be set forth in the answer to the complaint."); *see also Mooney v. City of New York*, 219 F.3d 123, 127 n.2 (2d Cir. 2000) (differentiating between a motion and a "responsive pleading.")

limitations.") Although Rule 8(c) only enumerates certain affirmative defenses that must be stated in response to a pleading, the list is not exclusive. *U.S. for & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1253 (2d Cir. 1989) ("Although 'buyer in the ordinary course of business' is not one of the defenses specified in Rule 8(c), the rule by its terms is not limited to the enumerated defenses, but applies to 'any other matter constituting an avoidance or affirmative defense.'" (quoting *Satchell v. Dilworth*, 745 F.2d 781, 784 (2d Cir. 1984))); *see also Hardaway*, 879 F.3d at 490–491.[4] "Failure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case." *U.S. for & on Behalf of Mar. Admin.*, 889 F.2d at 1253 (internal citations and quotation marks omitted).

Though Plaintiff commenced this action in February of 2016, Defendant has not yet filed an answer because of ongoing motion practice. Because Defendant raised the failure to exhaust defense in its supplemental briefing in support of its motion to dismiss and has not filed an answer, the defense is timely. The Court therefore grants Defendant's motion for reconsideration and, on reconsideration, determines whether the Court should dismiss Plaintiff's failure to promote claim for failure to exhaust.

### c. Plaintiff failed to exhaust his administrative remedies

Before bringing a federal claim under Title VII, a plaintiff must first file a complaint with

---

[4] Although in *Hardaway* the Second Circuit did not explicitly state that the failure to exhaust administrative remedies defense is waived if not raised in an answer, the Second Circuit held that it is an affirmative defense similar to the statute of limitations, and governed by Rule 8(c) of the Federal Rules of Civil Procedure. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018). Therefore, given that the statute of limitations defense is waived if not raised in an answer, *United States Sec. & Exch. Comm'n v. Illarramendi*, No. 17-1506-CV, 2018 WL 1887335, at *3 n.2 (2d Cir. Apr. 20, 2018) (citing *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 967 F.2d 742, 751–52 (2d Cir. 1992)), the same is true for the defense of failure to exhaust administrative remedies.

the EEOC or equivalent state agency. 42 U.S.C. § 2000e-5(e)(1); *Duplan v. City of New York*, 888 F.3d 612, 624 (2d Cir. 2018) ("Exhaustion is 'an essential element of Title VII's statutory scheme.'" (quoting *Hardaway*, 879 F.3d at 489)); *Perez v. Harbor Freight Tools*, 698 F. App'x 627, 628 (2d Cir. 2017) ("Under Title VII, a plaintiff in New York State must file an employment discrimination charge with the EEOC within 300 days after an alleged unlawful employment practice occurred." (citations and internal quotations marks omitted)); *see also Hewitt v. NYC Dep't of Health & Mental Hygiene*, 535 F. App'x 44, 45 (2d Cir. 2013) (affirming district court finding that plaintiff "failed to administratively exhaust her Title VII retaliation claim by failing to include that claim in her administrative complaint"); *Brunson-Bedi v. New York*, No. 15-CV-9790, 2018 WL 2084171, at *4 (S.D.N.Y. May 1, 2018) ("A Plaintiff cannot file suit for alleged violations of Title VII until she timely files charges with the EEOC and obtains a letter of a right to sue.")

Where the claimant fails to include a claim before the EEOC, the plaintiff may nevertheless pursue those claims "in a subsequent federal court action if they are 'reasonably related' to those that were filed with the agency." *Legnan v. Alitalia Linee Aeree Italianei S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (quoting *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir. 1999)); *see also Duplan*, 888 F.3d at 623 ("We have also applied the reasonably related doctrine to retaliation that occurs after the EEOC investigation is complete, even though the rationale that the retaliation likely was or should have been encompassed by the EEOC investigation is not available in such cases.").

"A claim is 'reasonably related' to the filed claim 'if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made.'" *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015)

(quoting *Deravin v. Kerik*, 335 F.3d 195, 200–01 (2d Cir. 2003)). "Reasonably related" claims are recognized in three situations: (1) the alleged discriminatory conduct "would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) the claim is one of "retaliation by an employer against an employee for filing an EEOC charge;" and (3) the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003)); *Batiste v. City Univ. of New York*, No. 16-CV-3358, 2017 WL 2912525, at *5 (S.D.N.Y. July 7, 2017). "The central question is whether the complaint filed with the EEOC gave that agency adequate notice." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (internal citations and quotation marks omitted). "This analysis is 'intimately connected to the facts asserted in the EEOC complaint,' and does not depend on the boxes checked or labels applied by the plaintiff in the EEOC complaint." *Carby v. Holder*, No. 11-CV-5775, 2013 WL 3481722, at *5 (S.D.N.Y. July 10, 2013) (quoting *Williams*, 458 F.3d at 71). Courts look at "factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving" to determine whether the claims are reasonably related. *Littlejohn*, 795 F.3d at 322 (quoting *Deravin*, 335 F.3d at 202).

In the December 2017 Decision, the Court found that "Plaintiff did not include [a failure to promote] claim in the EEOC charge." *Hunt*, 2017 WL 6759409, at *5. The EEOC charge states that Defendant discriminated against Plaintiff on the basis of race and national origin, and included general allegations such as "several years of discriminatory treatment," and that Plaintiff's supervisor, who is "White, Irish", made "derogatory comments about Black individuals." (EEOC Charge, annexed to Def. Suppl. Br. as Ex. 2.) The only specific allegation included in the EEOC charge is that on one occasion, Plaintiff was given a written note and

suspended for five days in violation of the company's "progressive policy," and that the disciplinary action was baseless. (*Id.*) There is no mention in the charge of any facts suggestive of a failure to promote claim.

In the Amended Complaint, Plaintiff alleges that during his tenure at Con Edison since 1994, seventeen mechanics have been promoted to management positions, none of whom are members of a minority group. (Am. Compl. 8–9.) Plaintiff describes Con Edison's promotion practice as a sponsorship-based system, where someone in management has to sponsor the candidate for a promotion. (*Id* at 9.) Plaintiff also alleges that management does not sponsor minority candidates. (*Id.*) Plaintiff further alleges that submitting an application for a position without sponsorship would result in a disciplinary action. (*Id.*) None of the failure to promote allegations in the Amended Complaint are included in the EEOC charge.

Based on the general allegations of discrimination included in the EEOC charge, it is unlikely that the EEOC's scope of investigation would have included Plaintiff's failure to promote claim. Thus, because Plaintiff's failure to promote claim is not reasonably related to any of the claims or allegations included in the EEOC charge, Plaintiff failed to administratively exhaust his failure to promote claim. The Court therefore dismisses without prejudice Plaintiff's failure to promote claim. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 560 F.3d 118, 124 (2d Cir. 2009) ("[A] dismissal for failure to exhaust available administrative remedies should be 'without prejudice' as we have previously ruled." (citing cases)). "Such a dismissal leaves the plaintiff free to return to the District Court after exhaustion of administrative remedies." *Id.*; *see also Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000).

### III. Conclusion

For the reasons discussed above, the Court grants Defendant's motion for reconsideration and, on reconsideration, the Court dismisses without prejudice Plaintiff's failure to promote claim. The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 22, 2018
       Brooklyn, New York